**JIAN BIN YANG, also known as Jianbin Yang, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–4266–ag.**

United States Court of Appeals, Second Circuit.

April 23, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Rebecca A. Niburg for Richard M. Evans, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC and Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Bin Yang, a native and citizen of the People's Republic of China, seeks review of a September 10, 2007 order of the BIA denying his motion to reopen deportation proceedings. *In re Jian Bin Yang a.k.a. Jianbin Yang a.k.a. Yang Jianbin a.k.a. Yan Jin Bin,* No. A 74 153 665 (B.I.A. Sept. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). We may find an abuse of discretion where the BIA's "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the BIA has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA accurately noted that it had dismissed Yang's appeal from the IJ's August 1997 decision in July 2001, and that Yang did not file his motion to reopen until February 2007. Because Yang filed his motion well beyond the 90 day filing deadline, the BIA properly found that it was untimely. 8 C.F.R § 1003.2(c)(2). Nevertheless, the BIA abused its discretion in denying Yang's motion as timebarred because it failed to explain why his evidence was insufficient to demonstrate a change in country conditions in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

In support of his motion, Yang submitted an affidavit from his father, asserting that, in the past year, the family planning policy had been "more strictly implemented" in the family's hometown in Fujian Province. By way of example, Yang's father provides the names of five different individuals who had been forcibly sterilized, as well as the dates of their procedures. Because Yang was "very concerned" about whether he would face "the same punishment," Yang's father, reportedly upon Yang's request, "consulted" with village officials. He states that the officials told him that they had already been informed that Yang had two U.S. born children and that because he did not have legal status in the United States, he was required to be sterilized once he returned to China.

Given that the BIA found that the "sworn statement" of Yang's father "indicates that [Yang] will be forced to report for sterilization upon his return to China," it was obliged to provide more than a "conclusory statement" as to why the letter from Yang's father did not constitute "evidence" of changed country conditions

in China. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (emphasizing that the BIA should provide more than "cursory, summary or conclusory statements," to enable the Court to discern its reasons for declining to afford relief to a petitioner)(internal quotation marks omitted). More reasoned consideration was particularly warranted, where the letter, if credited, was consistent with the response issued by the National Population and Family Planning Committee in 2006, indicating that Chinese citizens who had children abroad were subject to the family planning laws of China.

The letter from Yang's father was also relevant to the BIA's finding that Yang had not submitted sufficient evidence to show that persons in his situation were normally subjected to sanctions that would amount to persecution. The BIA noted that Yang could be subject to fines or other economic penalties upon his return, but did not mention, as it did in its changed country conditions discussion, that the letter from his father indicated the possibility of forced sterilization upon his return to China. As such, the BIA's denial of Yang's motion was an abuse of discretion. We therefore do not reach the BIA's findings concerning whether Yang was entitled to file a successive asylum application.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any pending motion for a stay of removal in this petition is GRANTED, pending the issuance of a new deci-

sion by the BIA. The pending request for oral argument in this petition is DENIED.